UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA AMBER DOLAN,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:24-cv-1617-DJC-JDP (SS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 13 & 16. For the reasons discussed below, I recommend that plaintiff's motion for summary judgment be granted, the Commissioner's be denied, and this matter be remanded for additional administrative proceedings.

**Standard of Review**

      An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed applications for DIB and SSI, alleging disability beginning April 15, 2015. Administrative Record ("AR") 280-310. After her applications were denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 54-93. On November 71, 2023, the ALJ issued a decision finding that plaintiff was not disabled. AR 23-35. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2021.

2. The claimant has not engaged in substantial gainful activity since April 15, 2015, the alleged onset date.

\* \* \*

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder (ADHD); learning disorder; anxiety; post-traumatic stress disorder (PTSD); depression; and postpartum depression.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, repetitive tasks in a low stress environment without emphasis on calculations and math, and without complex social interactions.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1974 and was 41 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

3

>   11. The claimant has not been under a disability, as defined in the
>       Social Security Act, from April 15, 2015, through the date of this
>       decision.

AR 26-34 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 6-11. She now seeks judicial review under 42 U.S.C. § 405(g).

## Analysis

Plaintiff raises numerous arguments in favor of reversal. First, she argues that the ALJ erred in failing to make a severity finding regarding her panic disorder and insomnia symptoms. Second, she argues that the ALJ failed to offer clear and convincing reasons for rejecting her testimony. Third, plaintiff argues that the ALJ's reasons for rejecting the opinion of provider Ann Ajari do not accord with revised SSA regulations. Fourth, she argues that the ALJ erred in rejecting lay witness testimony. Fifth, she argues that the ALJ's residual functional capacity was flawed. Sixth and finally, she argues that insufficient evidence supports the ALJ's finding that plaintiff can perform a significant number of jobs in the national economy. The ALJ's residual functional capacity ("RFC") determination was flawed, and I recommend that this matter be remanded for additional administrative proceedings on that basis. In so doing, I find it unnecessary to consider plaintiff's other arguments, none of which would have militated in favor of remanding for the payment of benefits.

In crafting an RFC, the ALJ must make a finding as to the most a claimant can do despite his or her assessed limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a). An RFC must consider all a claimant's impairments that are supported by the record. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe.") (internal citations and quotation marks omitted). Here, plaintiff argues that the ALJ failed to account for her panic disorder and insomnia. ECF No. 13 at 36.

Here, the ALJ found that plaintiff had depression, anxiety, attention deficit disorder, a learning disability, and post-traumatic stress disorder, and assessed limitations based thereon. AR at 27-29. The ALJ did not, however, mention plaintiff's diagnoses for insomnia and panic disorder in his decision, both of which are noted in her medical records. *Id.* at 764-65, 775. It necessarily follows that neither condition was included in crafting the RFC. This was error. Faced with a similar situation, the Ninth Circuit held that reversal was warranted. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) ("Because the ALJ excluded panic disorder from Hill's list of impairments and instead characterized her diagnosis as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record.").

The appropriate remedy is remand for additional administrative proceedings, so that the ALJ may properly consider these diagnoses in his decision. Neither this argument nor any other advanced by plaintiff convinces me that remand for payment of benefits is warranted. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Instead, the record leaves room for doubt as to whether plaintiff is disabled and, thus, the proper remedy is remand for additional proceedings. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, be GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, be DENIED.

3. The matter be remanded for further proceedings.

4. The Clerk of Court be directed to enter judgment in plaintiff's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6